IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| J. WAYNE JOHNSON, JOHNY MARTIN, a/k/a JOHNNY MARTIN, and GOD'S NEW COMMUNITY CHURCH, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 3:09-CV-1260-M |
| v. | § § | |
| VERICREST FINANCIAL, INC., as Trustee on Behalf of CIT Mortgage Loan Trust 2007-1, and as Trustee on Behalf of CIT Mortgage Trust 2007-1, f/k/a The Bank of New York Mellon, f/k/a The Bank of New York, | § § § § § § § | |
| Defendant. | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion for Summary Judgment [Docket Entry # 25]. For the reasons explained below, the Court **DISMISSES** the Federal Fair Debt Collection Practices Act ("FDCPA") and the Texas Debt Collection Act ("TDCA") claims and **GRANTS** Defendant's Motion for Summary Judgment as to the remaining claims.

I.  BACKGROUND AND PROCEDURAL HISTORY

On August 26, 2005, Plaintiff Johny Martin a/k/a Johnny Martin, a Texas resident, executed a promissory note to BNC Mortgage, Inc. ("BNC") in the amount of $280,000.00 (the "Note").[1] Pursuant to the terms of the Note, Mr. Martin agreed to make monthly payments in the amount of $1,834.73 in exchange for the conveyance of real property from BNC to Mr. Martin (the "Property").[2] At the same time, BNC executed a Special Warranty Deed with Vendor's

---
[1] *See* Vericrest's Mot. for Summ. J. ("Vericrest's Mot."), Ex. B.1.
[2] *Id.*

Lien and a Deed of Trust, which granted BNC a vendor's lien to secure payment of the Note.[3] Vericrest Financial, Inc. ("Vericrest" or "Defendant") is now the holder of the Note.[4]

Beginning in October of 2007, Mr. Martin failed to make the required monthly payments.[5] On January 16, 2008, Vericrest exercised its rights pursuant to the terms of the Note and sent Mr. Martin, by certified mail, a notice of default and notice of intent to accelerate.[6] This correspondence—sent to the Property address and to a P.O. box specified by Mr. Martin[7]—notified Mr. Martin that if the owed amount was not paid on or before February 15, 2008, the unpaid balance of the Note, as well as accrued and unpaid interest, attorneys' fees, and expenses, would be accelerated.[8] Upon notification of the default, Mr. Martin requested information from Vericrest regarding a short sale of the Property.[9] Neither party, however, could agree to the terms of the short sale.[10] Vericrest continued with acceleration and foreclosure of the Note and Deed of Trust.

On September 6, 2008, Mr. Martin executed the following: (1) a Durable General Power of Attorney, appointing Plaintiff J. Wayne Johnson ("Mr. Johnson") as his attorney-in-fact; and (2) a Quit Claim Deed, purportedly conveying the Property to Mr. Johnson and Plaintiff God's New Community Church (the "Church").[11] Contrary to the terms of the Note, Vericrest did not receive notice of the Quit Claim Deed, nor did it approve Mr. Martin's conveyance of his interest

---

[3] Vericrest's Mot., Ex. B.2 & B.3.
[4] Vericrest's Mot., Ex. A ("Bartow Aff.") ¶ 3. The Court notes that Vericrest's Motion for Summary Judgment and accompanying affidavit do not make clear *how* Vericrest became holder of the Note, but that it is, in fact, the holder. Plaintiffs provide no evidence to show otherwise.
[5] Bartow Aff. ¶ 7; Vericrest's Mot., Exs. B.3, B.7, & B.18 (showing that Vericrest received the last monthly payment on September 11, 2007).
[6] Vericrest's Motion, Exs. B.5, B.6, & B.13.
[7] The Note required that any notice given pursuant to the terms of the Note be sent to Mr. Martin at the address of the Property or to another address specified by Mr. Martin. *See* Ex. B.1 at ¶ 8 ("[A]ny notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property address above or at a different address if I give the Note Holder a notice of my different address.").
[8] Bartow Aff. ¶ 5; Vericrest's Mot., Exs. B.5. & B.6.
[9] Bartow Aff. ¶ 6.
[10] Bartow Aff. ¶ 6.
[11] Vericrest's Mot., Ex. C.

in the Deed of Trust to Mr. Johnson or the Church.[12]

On January 12, 2009, Vericrest, through its counsel, sent by certified mail to Mr. Martin at the Property address a notice of acceleration and notice of foreclosure.[13] This correspondence notified Mr. Martin of a foreclosure sale of the Property to occur on February 3, 2009. On February 2, 2009, Mr. Martin sent Vericrest a letter, disputing the debt and the claims under the debt as well as requesting information pursuant to the FDCPA.[14] Mr. Martin sent this letter from the Property address,[15] thus indicating his last known address and that he received such notices sent to the Property address. On February 27, 2009, Vericrest responded to Mr. Martin's letter, providing him verification of the debt and other account information he requested, including a payment history ledger and a payoff and reinstatement quote.[16] The February 27, 2009 correspondence also notified Mr. Martin that the Property would be foreclosed upon on April 7, 2009.[17]

On April 13, 2009, Vericrest, through its counsel, again sent by certified mail to Mr. Martin at the Property address a notice of acceleration and notice of foreclosure.[18] Vericrest also sent the notices to the P.O. box provided by Mr. Martin. This correspondence notified Mr. Martin that a foreclosure sale of the Property would take place on May 5, 2009.[19] That same day Vericrest also filed a notice of non-judicial foreclosure sale in the Dallas County property records.[20] On April 27, 2009, Vericrest executed and filed a Removal of Trustee and

---

[12] Vericrest's Mot., Ex. B.1, at ¶ 11 ("If all or any part of the Property or any Interest in the Property is sold or transferred . . . without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument."); Ex. B.3, at ¶ 18 (same)
[13] Vericrest's Mot., Ex. B.17.
[14] *Id.*
[15] *Id.*
[16] Vericrest's Mot., Ex. B.18.
[17] *Id.*
[18] Vericrest's Mot., Ex. B.7 & B.8.
[19] *Id.*
[20] Vericrest's Mot., Ex. B.10.

Appointment of Substitute Trustee in the Dallas County property records.[21] On May 5, 2009, a foreclosure sale occurred, at which Vericrest purchased the Property for $131,223.00.[22]

On May 27, 2009, Mr. Martin, Mr. Johnson, and the Church (collectively, "Plaintiffs") filed an Original Petition in the 95th Judicial District Court of Dallas County, Texas, alleging claims of wrongful foreclosure, quiet title, trespass to try title, and violations of the FDCPA[23] and the TDCA.[24] On June 26, 2009, Plaintiffs filed a First Amended Petition,[25] and on June 29, 2009, Vericrest filed its Answer[26] and then removed the case to this Court.[27] On October 28, 2009, Plaintiffs filed a Second Amended Original Petition, adding in the title of the Petition a claim for tortious interference with contract.[28]

Vericrest moves now for summary judgment.

## II. LEGAL STANDARD

Summary judgment is warranted if the pleadings, discovery, disclosure materials, and supporting affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.[29] A genuine issue of material fact exists when a reasonable jury could find for the non-moving party.[30] The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.[31]

---

[21] Vericrest's Mot., Ex. B.9
[22] Vericrest's Mot., Ex. B.11.
[23] Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p (2006).
[24] Tex. Fin. Code Ch. 392. *See* Pls.' Original Pet., ECF No. 1.
[25] Pls.' Am. Pet., ECF No. 1.
[26] Def.'s Original Answer, ECF No. 1.
[27] Def.'s Notice of Removal, ECF No. 1.
[28] Pls.' Second Am. Original Pet., ECF No. 9.
[29] Fed. R. Civ. P. 56(c).
[30] *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 417 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[31] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 325).

Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate, by designating specific facts beyond the pleadings that prove the existence of a genuine issue of material fact.[32] The nonmoving party may not rest solely on its pleadings.[33] To meet its burden, the nonmoving party must present "significant probative" evidence indicating that there is a triable issue of fact.[34] If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted.[35] In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists."[36]

In this case, Plaintiffs filed a response to Vericrest's summary judgment motion based solely on procedural issues, presenting no summary judgment evidence. Plaintiffs' failure to respond to the merits of Vericrest's motion, however, does not permit the Court to enter a default judgment.[37] Analogous to a nonmovant who has made no response, if Plaintiffs' procedural objections do not prevail, Plaintiffs are relegated to their unsworn pleadings, which do not constitute summary judgment evidence, and the Courts review of the merits of Defendant's positions.[38]

---

[32] *See* Fed. R. Civ. P. 56(e)(2); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).
[33] *King v. Chide,* 974 F.2d 653, 656 (5th Cir.1992).
[34] *Conkling v. Turner,* 18 F.3d 1285, 1295 (5th Cir.1994).
[35] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
[36] *Lynch Props.*, 140 F.3d at 625 (citation omitted).
[37] *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).
[38] *Bookman v. Schubzda*, 945 F. Supp. at 1002.

III. ANALYSIS

A. Procedural Issues

First, Plaintiffs argue that Vericrest failed to serve Plaintiffs with notice of the Motion, because Plaintiffs' attorney is not registered with the Court's electronic case filing ("ECF") system. According to the Northern District of Texas' Local Rules (the "Local Rules"), each attorney must register as an ECF user within 14 days of the date the attorney appears in the case, unless excused for cause.[39] Moreover, under the same Local Rules, attorneys *must* file any motion by electronic means, unless excused for cause.[40] Once an attorney files its motion electronically through ECF, the delivery of the notice of electronic filing that is automatically generated by ECF constitutes service under Federal Rule of Civil Procedure 5(b)(2)(E) on each party who is a registered user of ECF.[41]

Plaintiffs' attorney did not present the Court with an excuse for not registering with ECF, and had Plaintiffs' attorney registered as an ECF user, as he is required to do so under the Local Rules, Plaintiffs would have been notified of Vericrest's Motion for Summary Judgment. Vericrest filed its Motion electronically, in accordance with the Local Rules, and there is no evidence to suggest that Vericrest or its attorney knew or should have known that Plaintiffs' attorney was not a registered user of ECF. Plaintiffs argue that they were denied due process by never being served Vericrest's Motion, yet somehow Plaintiffs received notice of the Motion and chose not to respond to the merits of it.[42] Further, Plaintiffs did not request an extension to

---

[39] N.D. TX L.R. 5.1(f).
[40] N.D. TX L.R. 5.1(e) (emphasis added).
[41] N.D. TX L.R. 5.1(d).
[42] *See Gregg v. Tractor Supply Co.*, Civ. Action No. 3:06-CV-0640-L, 2008 WL 898923, at *5 (N.D. Tex. Apr. 3, 2008) (holding no legal prejudice where nonmovant's counsel had not registered for electronic filings from the clerk, yet still received a copy of the motion).

respond to the merits of the Motion. Accordingly, the Court will not deny Vericrest's Motion for Summary Judgment merely because of Plaintiffs' counsel's failure to abide by the Local Rules.

Second, Plaintiffs contend that Vericrest did not timely file its summary judgment motion. This contention is incorrect. According to the Court's Scheduling Order, all dispositive motions were due by June 11, 2010.[43] On June 10, 2010, Vericrest filed an emergency motion, requesting an extension of time to file a dispositive motion, which the Court granted, giving Vericrest until June 25, 2010 to file a dispositive motion, and Vericrest filed on June 25, 2010. Plaintiffs' procedural defect arguments are thus without merit.

### B. Tortious Interference

The title of Plaintiffs' Petition references tortious interference,[44] but the allusion to a tortious interference claim ends there. Mention of a cause of action in the title of a pleading does not state a claim, so the Court need not consider Vericrest's Motion for Summary Judgment on such claim.

### C. FDCPA & TDCA

In the Petition, Plaintiffs allege violations of the FDCPA and TDCA. While asserting a Motion for Summary Judgment, Vericrest urges that under Federal Rule of Civil Procedure 12(b)(6) Plaintiffs have failed to state a claim upon which relief can be granted under the FDCPA or TDCA. Plaintiffs claim that Balcom Law Firm, P.C. ("Balcom") and its attorneys wrongfully sought to collect money from Plaintiffs, in violation of the FDCPA and TDCA.[45] While Balcom had been retained by Vericrest to send Mr. Martin letters containing the notices of

---

[43] Scheduling Order, Nov. 16, 2009, ECF No. 12.
[44] Pls.' Second Am. Original Pet. The title states in full: "Plaintiffs' Second Amended-Original Petition for Tortious Interference with Contract, Wrongful Foreclosure, Set Aside the Trustees [sic] Deed and Cancel Eviction, to Quiet Title and/or Trespass to Try Title, Violations of the Federal Fair Debt Collection Practices Act and the Texas Debt Collection Act With Damages."
[45] Pls.' Second Am. Original Pet.

acceleration and foreclosure,[46] Balcom and its attorneys are not Defendants in this case. The Petition does not state that Vericrest, the only Defendant, violated the FDCPA or TDCA. Therefore, the Court DISMISSES Plaintiffs' FDCPA & TDCA claims without prejudice.

   D. Wrongful Foreclosure

Under Texas common law, a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price for the property.[47] A party may rely on a common law theory of wrongful foreclosure only when the party has suffered a loss or injury due to inconsistencies or irregularities in the foreclosure process.[48] Consequently, a debtor may recover damages on such a theory only if the lender (1) fails to comply with statutory or contractual terms, or (2) complies with such terms, yet takes affirmative action that detrimentally affects the fairness of the foreclosure proceedings.[49] Section 51.002 of the Texas Property Code governs a foreclosure sale of real property pursuant to a deed of trust and provides specific requirements as to the time and place a foreclosure sale must be held, as well as to the notices that must be given prior to the sale.[50] There is no requirement under the statute that personal notice be given to persons who were not parties to the deed of trust.[51]

Vericrest first argues that Mr. Johnson and the Church do not have standing to bring a wrongful foreclosure claim. Texas case law, however, grants standing to attack a foreclosure

---

[46] *See, e.g.*, Vericrest's Mot., Ex. B.7 & B.8.
[47] *American Sav. & Loan Ass'n of Houston v. Musick,* 531 S.W.2d 581, 587 (Tex. 1975). *See also Cuauhtli v. Chase Home Finance LLC*, No. 406-cv-472-A, 2007 WL 548759, at *4 (N.D. Tex. Feb. 22, 2007).
[48] *See Wieler v. United Sav. Ass'n of Texas*, 887 S.W.2d 155, 158 (Tex. App.—Texarkana 1994), *writ denied per curiam*, 907 S.W.2d 454 (Tex. 1995).
[49] *Houston Omni USA Co. v. Southtrust Bank Corp.*, No. 01-07-00433-CV, 2009 WL 1161860, at *6 (Tex. App.—Houston [1 Dist.] 2009, no pet.); *First State Bank v. Keilman*, 851 S.W.2d 914, 921-22 (Tex. App.—Austin 1993, no writ).
[50] *See, e.g.*, Tex. Prop. Code Ann. § 51.002(b) (Vernon 2007) (notice of sale); *id.* § 51.002(e).
[51] *American Sav. & Loan Ass'n of Houston*, 887 S.W.2d at 588 (quotations omitted); *Stanley v. CitiFinancial Mortg. Co.*, 121 S.W.3d 811, 817 (Tex. App.—Beaumont 2003, pet. denied) (Under Section 50.002, court held that "[t]here is no legal requirement that personal notice of a foreclosure be sent to persons not parties to the deed of trust.").

sale pursuant to a deed of trust to the debtor and third parties whose property interests or rights are affected by the sale.[52] Accordingly, since Mr. Johnson and the Church had an interest in the Property through the Quit Claim Deed,[53] they have standing to assert a wrongful foreclosure claim. The remaining questions before the Court are whether there were foreclosure irregularities and whether Plaintiffs' rights were affected by those irregularities.

From what the Court can discern from Plaintiffs' unclear allegations, their complaints appear to be the following: (1) failure to provide statutory written notice of default pursuant to § 51.002(d)(c) and the requisite 20 days to cure;[54] (2) failure to provide statutory notice to cure default to the address in Mr. Martin's file as well as to his co-debtors, Mr. Johnson and the Church;[55] (3) failure to provide notice of foreclosure sale;[56] (4) failure to file notice of a non-judicial foreclosure sale;[57] and (5) deficient substitution of foreclosure trustee.[58]

1. Notice of Default and 20 Day Cure Period

Section 51.002(d) of the Texas Property Code requires that notice of default be sent by certified mail to debtor, giving debtor 20 days to cure.[59] Service of the notice is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address.[60] Vericrest has provided evidence that showed that on January 16, 2008, it sent a notice of default and notice of intent to accelerate to Mr. Martin at the

---

[52] *See, e.g.*, *American Sav. & Loan Ass'n of Houston*, 531 S.W.2d at 586; *Goswami v. Metropolitan Sav.*, 751 S.W.2d 487, 489 (Tex. 1988); *Grimes v. Owens*, 539 S.W.2d 387, 390 (Tex. Civ. App.—Tyler 1976, writ ref'd n.r.e.); *Elmore v. McCammon*, 640 F. Supp. 905, 908 (S.D. Tex. 1986).
[53] Vericrest's Mot., Ex. C.
[54] Pls.' Second Am. Original Pet, at 7.
[55] Pls.' Second Am. Original Pet, at 8.
[56] Pls.' Second Am. Original Pet, at 8–9.
[57] Pls.' Second Am. Original Pet, at 9.
[58] Pls.' Second Am. Original Pet, at 10.
[59] Tex. Prop. Code Ann. § 51.002(d) (Vernon 2007).
[60] *Id.* § 51.002(g).

Property address and to a P.O. box that Mr. Martin had provided.[61] These notices provided more than 20 days to cure and there is evidence that these were Mr. Martin's last known addresses.[62] Plaintiffs have failed to provide evidence to prove otherwise. The Court therefore finds that Vericrest has met the statutory requirements under Tex. Prop. Code § 51.002(d).

2. Sending Notice to Cure to Mr. Martin and Co-Debtors

Texas law provides that Vericrest must send the notice of default and notice to cure to the debtor,[63] and Vericrest proved it did that. Though there is evidence that the correspondence to the Property address was unclaimed,[64] Texas law does not require that Mr. Martin actually receive the notice.[65] Furthermore, Texas law provides that the notice be sent to the "debtor in default under a deed of trust," not to others.[66] While Mr. Johnson and the Church have standing to assert a wrongful foreclosure claim,[67] under Texas law they have no right to personal notice of default or notice to cure since they were not parties to the deed of trust.[68] Plaintiffs cite no Texas law establishing otherwise.

3. Notice of Foreclosure Sale to Mr. Martin

Plaintiffs complain that Mr. Martin did not receive a notice of foreclosure sale, and, in fact, found the notice through Dallas County's website, but Vericrest showed that it sent the notice of sale to Mr. Martin via certified mail to the Property and the P.O. box provided by Mr.

---

[61] Vericrest's Mot., Exs. B.5 & B.6; Bartow Aff. ¶ 13.
[62] Bartow Aff. ¶ 13.
[63] *See supra* notes 59 & 60.
[64] Vericrest's Mot., Ex. B.12.
[65] *Martinez v. Beasley*, 616 S.W.2d 689, 690 (Tex. Civ. App—Corpus Christi 1981, no writ); *Benitez v. Perales*, No. 01-00-00211-CV, 2002 WL 1981189, at *4 (Tex. App.—Houston [1 Dist] Aug. 29, 2002, no pet.).
[66] Tex. Prop. Code Ann. § 51.002(d) ("Notwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence . . . .").
[67] *See supra* notes 51 & 52 and accompanying text.
[68] *Stanley v. CitiFinancial Mortg. Co.*, 121 S.W.3d 811, 817 (Tex. App.—Beaumont 2003, pet. denied) ("A trustee has no affirmative duty beyond those required by law or as contained in the deed of trust; his or her duties are fulfilled by strict compliance with applicable laws and the terms of the deed of trust."). *See also American Sav. & Loan Ass'n of Houston*, 531 S.W.2d at 588 (applying principle to notice of foreclosure, holding that parties outside of a deed of trust do not have the right to personal service of notice).

Martin.[69] Plaintiffs provided no evidence to the contrary. Therefore the Court finds that Vericrest has met its statutory obligation under Tex. Prop. Code § 51.002(b)(3) to send notice to the debtor.

    4. Notice of Non-Judicial Foreclosure Sale Posted at Courthouse and Filed With County Clerk

Plaintiffs allege that Vericrest failed to post a notice of non-judicial foreclosure sale or to file such a notice in the Dallas County records. Section 51.002(b) of the Texas Property Code requires that in conjunction with sending notice of a foreclosure sale to Mr. Martin, Vericrest must also: (1) post a written notice of foreclosure sale at the courthouse door of each county in which the property is located; and (2) file the notice in the office of the county clerk of each county in which the property is located.[70] Vericrest has provided evidence that on May 5, 2009, it properly posted and filed the notice of non-judicial foreclosure sale.[71] Plaintiffs have not provided any evidence to show otherwise. Therefore, the Court finds that Vericrest has met its statutory obligation under Tex. Prop. Code § 51.002(b)(1) & (2).

    5. Appointment of Substitute Trustee

Plaintiffs complain that the original trustee, Eldon L. Youngblood, never resigned nor was he properly replaced by a substitute trustee. Texas law allows the mortgagee to appoint a substitute trustee to succeed to all title, powers, and duties of the original trustee by power of attorney, corporate resolution, or other written instrument.[72] Vericrest has provided evidence that on April 27, 2009, it executed a written instrument substituting trustee, which was filed in

---

[69] Vericrest's Mot., Exs. B.7 & B.8.
[70] Tex. Prop. Code Ann. § 51.002(b)(1) & (2).
[71] Vericrest's Mot., Ex. B.5.
[72] Tex. Prop. Code Ann. § 51.0075(c).

the Dallas County property records the same day.[73] Therefore, the Court finds that Vericrest fulfilled applicable statutory requirements in substituting the trustee.

The Court concludes that the summary judgment evidence does not support Plaintiffs' allegation that the foreclosure sale was marked by irregularities that would give rise to a common law or statutory cause of action for wrongful foreclosure. Vericrest is entitled to summary judgment on the wrongful foreclosure claim.

E. Trespass to Try Title

A trespass to try title claim is a statutory action to determine title to real property.[74] In such an action, Plaintiffs must recover on the strength of their own title and may not rely on the weakness of Vericrest's title.[75] Plaintiffs must usually prove: (1) a regular chain of conveyances from the sovereign; (2) superior title out of a common source; (3) title by limitations; or (4) title by prior possession coupled with proof that possession was not abandoned.[76] Generally, the older title emanating from a common source is better title and superior to others.[77] Purchasers of property at a foreclosure sale, however, can establish superior title to the previous owner of the property if the encumbrance upon the property was in place when the previous owner received the property.[78]

---

[73] Vericrest's Mot., Ex. B.9.
[74] Tex. Prop. Code Ann. § 22.001 (Vernon 2000).
[75] *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). *See also Wells v. Kansas Univ. Endowment Ass'n*, 825 S.W.2d 483, 486 (Tex. App.—Houston [1st Dist.] 1992, writ denied); *United Sav. Ass'n of Texas v. Villanueva*, 878 S.W.2d 619, 622 (Tex. App.—Corpus Christi 1994, no writ).
[76] *United Sav. Ass'n of Texas*, 878 S.W.2d at 622 (citing *Land v. Turner*, 377 S.W.2d 181, 188 (Tex. 1964)).
[77] *Id.*
[78] *Casstevens v. Smith*, 269 S.W.3d 222, 235 (Tex. App.—Texarkana 2008, pet. denied) (holding that a party obtained superior title when it purchased the lien at a foreclosure sale, which cut off the chain of title to other parties that had been conveyed the original title after the lien was in place). *See also Burgess v. Millican*, 50 Tex. 397, 1878 WL 9275, at*1 (Tex. 1878) ("[W]hen a mortgage for the payment of the purchase-money for land is executed simultaneously with the deed by which it is conveyed, the vendor has, until the purchase-money is paid or the mortgaged foreclosed, the superior right; and if the vendor go into possession after the vendee has made default, he cannot be turned out by process of ejectment or trespass to try title. . . ."); *Yeager Elec. & Plumbing Co. v. Gaines Bldg., Inc.*, 492 S.W.2d 921, 924 (Tex. App.—Corpus Christi 1973, no writ) ("[V]endor's liens and purchase money mortgages always have been considered superior by our courts in priority of lien situations.").

Here, a lien against the Property was in place when Mr. Johnson and the Church obtained any interest in the Property,[79] and prior to the foreclosure sale.[80] Vericrest provided evidence that it properly purchased the Property at the foreclosure sale[81] and therefore has the superior title. Plaintiffs failed to provide summary judgment evidence to show otherwise. Vericrest is entitled to summary judgment on the trespass to try title claim.

F. Quiet Title

In a quiet title action, Plaintiffs must prove and recover on the strength of their own title, not the weakness of Vericrest's title.[82] A suit to quiet title is an equitable action that clears a title of an invalid charge against the title.[83] Vericrest has provided evidence that it properly purchased the Property in a foreclosure sale.[84] Plaintiffs have presented no evidence showing that there was an invalid charge against the title of the Property. Vericrest is entitle to summary judgment on the quiet title claim.

IV. CONCLUSION

For the reasons stated above, the Court **DISMISSES** the FDCPA and TDCA without prejudice and **GRANTS** Defendant's Motion for Summary Judgment as to the remaining claims. The Court will enter a Final Judgment in a separate order.

**SO ORDERED.**

August 27, 2010.

*[signature]*
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[79] The Note was executed on August 26, 2005. *See* Vericrest's Mot., Ex. B.1. The Quit Claim Deed was executed on September 6, 2008. *See* Vericrest's Mot., Ex. C.
[80] *See* Vericrest's Mot., Ex. B.11.
[81] *Id.*
[82] *Fricks v. Hancock*, 45 S.W.3d at 327 (citing *Alkas v. United Sav. Ass'n of Texas, Inc.*, 672 S.W.2d 852, 857 (Tex. App.—Corpus Christi 1984, writ ref'd n.r.e)).
[83] *Longoria v. Lasater*, 292 S.W.3d 156, 165 n.7 (Tex. App.—San Antonio 2009, no pet.).
[84] Vericrest's Mot., Ex. B.10.