IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| J. WAYNE JOHNSON, et al.,<br>Plaintiffs, | § § § | |
| v. | § § | USDC 3:09-CV-1260-M (BK)<br>USCA 10-11062 |
| BNC MORTGAGE INC., et al.,<br>Defendants. | § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and the District Court's order of reference, the undersigned considered Plaintiff J. Wayne Johnson's *pro se* motion for extension of time to appeal, filed on October 5, 2010. Defendants have not responded.

On August 27, 2010, the District Court dismissed Plaintiff's Federal Fair Debt Collection Practices Act and Texas Debt Collection Act claims, without prejudice, and granted Defendant's Motion for Summary Judgment as to the remaining claims. The memorandum opinion and judgment were entered on the docket on August 30, 2010. (Doc. #33 and 34.) Plaintiff filed his *pro se* notice of appeal two days late on October 1, 2010.[1] (Doc. #35.) In his motion for extension of time to appeal, he avers he was released from Parkland Hospital on September 7, 2010, where he was treated for heart problems and complications stemming from a surgery to treat his diverticulitis and blood loss. (Doc. #37.)

A district court may extend the time for filing a notice of appeal by thirty days if the plaintiff can show excusable neglect or good cause for not meeting the deadline. *See* FED. R.

---

[1] Plaintiff claims he filed a timely notice of appeal on September 29, 2010, by placing it in the mail. However, the federal "mailbox rule" applies only to prisoner litigants. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); FED. R. APP. P. 4(c)(1).

APP. P. 4(a)(5)(A).[2] In evaluating excusable neglect under Rule 4(a)(5), the court applies the following standard:

> The determination is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission. These include ... the danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Stotter v. University of Texas at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007) (quoted case omitted).

In light of the minimal delay involved, the absence of prejudice, and the excuse provided by the *pro se* litigant, the court concludes that Plaintiff has shown sufficient excusable neglect and that the two-day extension of time to appeal should be granted.

IT IS THEREFORE RECOMMENDED that Plaintiff's motion for extension of time to appeal (Doc. #37) be GRANTED, and that his notice of appeal (Doc. #35) be deemed timely filed.

SIGNED November 30, 2010.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Under Rule 4(a)(5)(A) "[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE